UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**FLORENCE DIETER**,
individually and on behalf of
all those similarly situated,

       Plaintiff,

                                     Case No. 24-cv-879

   v.

**FOX AND BIRD, LLC,**
**d/b/a HERITAGE TAVERN**,
895 19th Street
Prairie du Sac, WI 53578

       Defendant.

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

---

### PRELIMINARY STATEMENT

1.　　This is a collective and class action brought by Individual and Representative Plaintiff, Florence Dieter ("Plaintiff"), on her own behalf and on behalf of the members of the proposed classes identified below. Plaintiff was a server for Fox and Bird, LLC's Heritage Tavern bar and restaurant in Madison, Wisconsin ("Defendant"). During her employment, Plaintiff was paid the lower tipped minimum wage but was subject to an unlawful deduction and unlawful tip pool, and was therefore denied payment of the full minimum wage. Under this policy, Plaintiff and other similarly situated employees, the servers at Heritage Tavern bar and restaurant, were paid an hourly wage less than the minimum wage of $7.25 per hour. Defendant took the tip credit, and Plaintiff and the other servers were expected to

make up the difference between the tipped and full minimum wage with their tips. However, Defendant withheld and kept for itself a percentage of tips from Plaintiff and the other servers to cover its business operations expenses. Plaintiff and the other servers were also required to contribute into a tip pool disbursed to Defendant's support, kitchen, and bar staff, and to Defendant itself. Because of the unlawful tip withholdings and invalid tip pool arrangement, Defendant could not claim the tip credit. Plaintiff and the putative class and collective class members (defined below) are similarly situated under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) as they commonly suffered wage losses as a result of Defendant's illegal pay policy.

2.     In addition, when Plaintiff and other similarly situated employees worked hours over 40 in a single workweek, Defendant failed to pay the applicable overtime wage of one and one-half times employees' full regular rate of pay, calculated as the direct cash wage plus the tip credit taken by the employer. Defendant paid only one and one-half times the direct cash wage. For all hours worked over 40 in a single workweek, Plaintiff and the other servers were expected to make up the difference between one and one-half times their direct cash wage and one and one-half times their full regular rate of pay with their tips. Under this policy, Plaintiff and other similarly situated employees, the servers at Heritage Tavern bar and restaurant, were not paid the applicable overtime wage for all hours worked in excess of 40 per workweek. Plaintiff and the putative class and collective class members (defined below) are similarly situated under Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) as they commonly suffered wage losses as a result of Defendant's illegal pay policies.

3.    Plaintiff individually brings this action for retaliation. Upon recognizing Defendant's unlawful pay policy, Plaintiff posted on a public social media platform complaining about Defendant's illegal pay policy. In retaliation, Defendant terminated Plaintiff's employment. Plaintiff suffered wage losses as a result of Defendant's illegal retaliation.

## JURISDICTION AND VENUE

4.    The Court has original jurisdiction over Plaintiff's Fair Labor Standards Act ("FLSA") claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

5.    Venue is proper in the United States District Court for the Western District of Wisconsin under 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this district and because the events and omissions giving rise to these claims occurred in this district.

## PARTIES

6.    Plaintiff Florence Dieter is an adult resident of Madison, Wisconsin. Plaintiff was employed by Defendant as a server from June 2023 to October 2024. Plaintiff has consented in writing to assert claims for unpaid minimum wages and tips under the FLSA. Her consent form is filed as **Exhibit A**.

7.    Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) and a "tipped employee" within the meaning of 29 U.S.C. § 203(t).

8. Defendant Fox and Bird, LLC, d/b/a Heritage Tavern, is a domestic business with a principal office at 895 19th Street, Prairie du Sac, Wisconsin. Its registered agent is Dan Fox at the same address.

9. Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

11. Defendant owns and operates Heritage Tavern, a restaurant and bar in Madison, Wisconsin.

12. At times throughout the three years preceding the filing of this Complaint, Defendant employed Plaintiff and the putative class members as servers.

13. At times throughout the three years preceding the filing of this Complaint, Plaintiff and putative class members were classified by Defendant as non-exempt from minimum and overtime wages.

14. At times throughout the three years preceding the filing of this Complaint, Defendant paid Plaintiff and the putative class members an hourly cash wage less than the minimum wage of $7.25 per hour and used the tip credit toward its minimum wage obligation. Plaintiff was paid $2.33 per hour, and upon information and belief, the putative class members were all paid this hourly rate.

15. At times throughout the three years preceding the filing of this Complaint, Plaintiff and the putative class members were required to pay a percentage of their tips to Defendant for Defendant's business operations expenses.

16.    At times throughout the three years preceding the filing of this Complaint, Defendant required Plaintiff and the putative class members to pay a percentage of their tips into a mandatory tip pool that was shared with support, kitchen, and bar staff, employees who did not perform tip-producing work.

17.    Defendant failed to inform Plaintiff and the putative class members about the provisions of 29 U.S.C. § 203(m)(2).

18.    Defendant failed to make, keep, and preserve adequate and accurate records of Plaintiff's and the putative class members' wages, hours, and other conditions of employment as required by 29 U.S.C. § 211(c).

19.    At times throughout the two years preceding the filing of this Complaint, Defendant failed to have Plaintiff and the putative class members sign tip declarations for any pay period.

20.    At times throughout the three years preceding the filing of the Complaint, for all hours worked in excess of 40 per workweek, Defendant paid Plaintiff and the putative class members an hourly rate equal to one and one-half times their direct cash wage rather than one and one-half times their full regular rate of pay.

21.    Plaintiff brings this action on behalf of herself and other similarly situated employees, pursuant to 29 U.S.C. § 216(b).

22.    The **FLSA Minimum Wage Collective Class** of similarly situated employees is defined as:

> All persons who have been or are employed as servers by
> Fox and Bird, LLC, d/b/a Heritage Tavern, in its Madison

location at any time during the past three years and were
paid the tipped minimum wage.

23.     The **FLSA Overtime Wage Collective Class** of similarly situated

employees is defined as:

> All persons who have been or are employed as servers by
> Fox and Bird, LLC, d/b/a Heritage Tavern, in its Madison
> location at any time during the past three years and who
> worked more than 40 hours in at least one workweek
> during the past three years.

24.     Plaintiff brings this action on behalf of herself and all other similarly

situated employees, pursuant to Fed. R. Civ. P. 23.

25.     The **Wisconsin Minimum Wage Class** is defined as:

> All persons who have been or are employed as servers by
> Fox and Bird, LLC, d/b/a Heritage Tavern, in its Madison
> location at any time during the past two years and were
> paid the tipped minimum wage.

26.     The **Wisconsin Overtime Wage Class** of similarly situated employees is

defined as:

> All persons who have been or are employed as servers by
> Fox and Bird, LLC, d/b/a Heritage Tavern, in its Madison
> location at any time during the past two years and who
> worked more than 40 hours in at least one workweek
> during the past two years.

27.     In October 2024, Plaintiff responded to an anonymous post on the public

social media page "Madison Foodie" regarding the pay structure for servers at

Heritage Tavern.

28.     The same day, Plaintiff was called into a meeting with Defendant's

owner, Dan Fox, and the General Manager.

29.     Fox indicated that he saw Plaintiff's comment on the social media page and accused Plaintiff of making Defendant "look bad" and damaging Defendant's reputation with the comment.

30.     This meeting with Fox caused Plaintiff to experience emotional distress, including fear of retaliation and job termination.

31.     When Defendant released the work schedule for the following week, Plaintiff was scheduled for only one shift.

32.     Upon arrival to her shift, Defendant terminated Plaintiff.

33.     Defendant terminated Plaintiff's employment because she complained about Defendant's illegal pay policies.

34.     Plaintiff brings this action for retaliation individually.

## CLASS ALLEGATIONS

35.     Plaintiff brings the Second and Fourth Claim for Relief individually and on behalf of the **Wisconsin Minimum Wage Class** and the **Wisconsin Overtime Wage Class**, as defined *supra*, pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure.

36.     The number of persons in the **Wisconsin Minimum Wage Class** and the **Wisconsin Overtime Wage Class** are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed more than 40 people who satisfy each Class definition.

37.     There are questions of law and fact common to the **Wisconsin Minimum Wage Class** that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

a.  whether Defendant maintained a common practice and policy of taking a tip credit for servers' wages without having servers sign a tip credit each pay period;

b.  whether Defendant maintained a common practice and policy of requiring withholding a percentage of servers' tips in order to cover its own business expenses;

c.  whether Defendant maintained a common practice and policy of requiring servers to contribute to a tip pool that distributed tips to employees who do not customarily and regularly receive tips and managers or supervisors;

d.  whether Defendant's tip pooling arrangement was a valid tip pool under federal and state regulations;

e.  whether, because of its mandatory percentage withholdings and tip pooling arrangement, Defendant was entitled to claim the tip credit under federal and state regulations;

f.  whether each putative class was denied wages as a result of Defendant's tip pooling arrangement; and

g.  the proper measure of damages sustained by Plaintiff and members of the putative class.

38.     Plaintiff's claims are typical of those of the **Wisconsin Minimum Wage Class**. Plaintiff, like other members of each Class, was subjected to Defendant's illegal tip credit, mandatory percentage withholdings, and pooling policy and practice resulting in a wage loss. Defendant took a tip credit without having Plaintiff sign a tip declaration each pay period, automatically withheld a percentage of tips to keep

for itself, and required Plaintiff to contribute to a tip pool whose funds were given to employees who did not customarily and regularly receive tips or otherwise were kept by Defendant. Defendant's actions constitute an invalid tip pool and inability to claim tip credit, resulting in Defendant's failure to pay minimum wage, in violation of Wisconsin law.

39.     There are questions of law and fact common to the **Wisconsin Overtime Wage Class** that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

   a.   whether Defendant maintained a common practice and policy of paying servers an hourly overtime rate equal to one and one-half times the direct cash wage, rather than one and one-half times the full regular rate of pay, for all hours worked in excess of 40 per workweek;

   b.   whether the putative class was denied wages as a result of Defendant's overtime practice and policy; and

   c.   the proper measure of damages sustained by Plaintiff and members of the putative class.

40.     Plaintiff will fairly and adequately protect the interests of the **Wisconsin Minimum Wage Class** and the **Wisconsin Overtime Wage Class** and has retained counsel experienced in complex wage and hour litigation.

41.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individual plaintiffs, particularly those with relatively small claims,

typically lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant.

42.    Class certification of the Second and Fourth Claims for Relief is appropriate under Rule 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policy and practice denied the **Wisconsin Minimum Wage Class** and the **Wisconsin Overtime Wage Class** the wages for work performed to which they are entitled. The damages suffered by each class member are small compared to the expense and burden of individually litigating each class member's claim. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

43.    Plaintiff intends to send notice to all members of the **Wisconsin Minimum Wage Class** and the **Wisconsin Overtime Wage Class** to the extent required by Rule 23.

## FIRST CLAIM FOR RELIEF:
## FAILURE TO PAY REGULAR AND MINIMUM WAGE IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

44.    Plaintiff, individually and on behalf of the FLSA Minimum Wage Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

45.    Defendant has been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d).

46.    Plaintiff and members of the FLSA Minimum Wage Collective Class are or were Defendant's employees within the meaning of 29 U.S.C. § 203(e) and Defendant's tipped employees within the meaning of 29 U.S.C. § 203(t).

47.    The FLSA requires an employer to pay employees a minimum wage of $7.25 per hour. The FLSA permits an employer to take a tip credit towards its minimum wage obligation equal to the difference between the required cash wage of $2.13 and the federal minimum wage of $7.25.

48.    The FLSA prohibits an employer from taking a tip credit unless the employer informs the employee of the provisions of 29 U.S.C. § 203(m)(2), the tip credit claimed by the employer does not exceed the amount of tips actually received by the tipped employee, and all tips received by the tipped employee are retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly perform tip-producing work. The FLSA prohibits an employer from keeping tips received by its employees for any purposes.

49.    When an employer keeps tips received by its employee for any purposes or requires participation in an unlawful tip pool, it cannot take the tip credit and must pay the full minimum wage of $7.25 per hour.

50.    During the applicable statute of limitations, Defendant paid Plaintiff and members of the FLSA Minimum Wage Collective Class less than the statutory minimum wage and took the tip credit toward its obligation equal to the difference between the cash wage paid to employees and the federal minimum wage of $7.25 per hour.

11

51.     During the applicable statute of limitations, Plaintiff and members of the FLSA Minimum Wage Collective Class were not informed of the provisions of 29 U.S.C. § 203(m)(2), were required to pay Defendant a percentage of tips received, and were required to participate in an invalid tip pooling arrangement which included employees who did not customarily and regularly receive tips and which included the employer, rendering the tip pool invalid under 29 U.S.C. § 203(m)(2).

52.     These practices violate the FLSA, including, but not limited to, 29 U.S.C. § 206. Because of these violations, Plaintiff and members of the FLSA Minimum Wage Collective Class were deprived of payment of the full minimum wage of $7.25 per hour and other earned wages due to them.

53.     Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff and members of the FLSA Minimum Wage Collective Class minimum wage compensation in violation of the FLSA.

54.     Plaintiff, on behalf of herself and members of the FLSA Minimum Wage Collective Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by the FLSA.

55.     Plaintiff, on behalf of herself and members of the Collective Class, seeks damages in the amount of the unpaid wages earned and due as provided by the FLSA, including but not limited to 29 U.S.C. § 206, any penalties due under the FLSA, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

12

<u>SECOND CLAIM FOR RELIEF:</u>
FAILURE TO PAY REGULAR WAGES IN VIOLATION OF WISCONSIN LAW

56.     Plaintiff, individually and on behalf of the Wisconsin Minimum Wage Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

57.     The foregoing conduct, as alleged, violates Wis. Stats. § 109.03, § 104.035, and § 104.045.

58.     Defendant has been, and continues to be, an employer within the meaning of Wis. Stat. §§ 104.01(3) and 109.01(2) and Wis. Admin. Code § DWD 272.01(5).

59.     Plaintiff and members of the Wisconsin Minimum Wage Class are or were Defendant's employees within the meaning of Wis. Stat. §§ 104.01(2)(a) and 109.01(1r) and Defendant's tipped employees within the meaning of Wis. Stat. § 104.01(7m) and Wis. Admin. Code § DWD 272.01(12).

60.     Wisconsin law requires employers to pay employees all wages earned by a day not more than 31 days prior to the date of payment. Wis. Stat. § 109.03.

61.     "Wages" includes "remuneration payable to an employee for personal services." Wis. Stat. § 109.01(3). The minimum wage due to an employee under the FLSA is a "wage" under Wis. Stat. § 109.01(3).

62.     Wisconsin law requires employers to pay non-exempt employees a minimum wage of at least $7.25 per hour, subject to a proper tip credit. Wis. Stat. § 104.035(3) and Wis. Admin Code § DWD 272.03(2).

63.     Under Wisconsin law, an employer may not take a tip credit if they fail to have a tipped employee sign a tip declaration each pay period. Wis. Admin. Code § DWD 272.03(2)(b).

64.     Under Wisconsin law, tips are property of the employee and an employer is prohibited from keeping tips received by its employees for any purposes.

65.     Wisconsin law prohibits an employer from requiring an employee for whom the employer takes a tip credit to contribute to a tip pool that includes employees who do not customarily and regularly receive tips.

66.     During the applicable statute of limitations up to and continuing through the present, Defendant had a policy and practice of failing to have Plaintiff and the Wisconsin Minimum Wage Class sign a tip declaration each pay period, thereby invalidating the tip credit and depriving the Wisconsin Minimum Wage Class of payment of the full minimum wage of $7.25 per hour due to them, in violation of Wisconsin law.

67.     During the applicable statute of limitations up to and continuing through the present, Defendant had a policy and practice of requiring the Wisconsin Minimum Wage Class to pay a percentage of tips earned to Defendant towards Defendant's business operations expenses, thereby depriving the Wisconsin Minimum Wage Class of payment of the full minimum wage of $7.25 per hour and other earned wages due to them, in violation of Wisconsin law.

68.     During the applicable statute of limitations up to and continuing through the present, Defendant had a policy and practice of requiring the Wisconsin

Minimum Wage Class to participate in an invalid tip pooling arrangement which included employees who did not customarily and regularly receive tips, and which included the employer, thereby invalidating the tip pool and depriving the Wisconsin Minimum Wage Class of payment of the full minimum wage of $7.25 per hour and other earned wages due to them, in violation of Wisconsin law.

69.    Defendant's violations of Wisconsin law were for unjust or dilatory reasons.

70.    Plaintiff, on behalf of herself and members of the Wisconsin Minimum Wage Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by Wis. Stat. § 109.03(6).

71.    Plaintiff, on behalf of herself and members of the putative Wisconsin Minimum Wage Class, seeks damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 104.035 and 109.03, and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

### THIRD CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF
### THE FAIR LABOR STANDARDS ACT

72.    Plaintiff, individually and on behalf of the FLSA Overtime Wage Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

73.    Defendant has been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d).

74.    Plaintiff and members of the FLSA Overtime Wage Collective Class are or were Defendant's employees within the meaning of 29 U.S.C. § 203(e) and Defendant's tipped employees within the meaning of 29 U.S.C. § 203(t).

75.    During the applicable statute of limitations up to and continuing through the present, Plaintiff and members of the FLSA Overtime Wage Collective Class each worked more than 40 hours in at least one workweek.

76.    The FLSA requires an employer to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked in excess of 40 per workweek. A tipped employee's regular rate of pay is calculated using the direct cash wage they received from the employer plus the tip credit taken by the employer, among other items. 29 CFR § 531.60.

77.    During the applicable statute of limitations up to and continuing through the present, Defendant had a policy and practice of paying Plaintiff and members of the FLSA Overtime Wage Collective Class an hourly rate equal to one and one-half times the direct cash wage, rather than one and one-half times the full regular rate of pay, for all hours worked in excess of 40 per workweek, thereby depriving Plaintiff and members of the FLSA Overtime Wage Collective Class of overtime wages for all hours worked in excess of 40 per workweek, in violation of the FLSA.

78.    Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff and members of the FLSA Overtime Wage Collective Class overtime wage compensation in violation of the FLSA.

16

79.    Plaintiff, on behalf of herself and members of the FLSA Overtime Wage Collective Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by the FLSA.

80.    Plaintiff, on behalf of herself and members of the FLSA Overtime Wage Collective Class, seeks damages in the amount of the unpaid wages earned and due as provided by the FLSA, including but not limited to 29 U.S.C. § 207, any penalties due under the FLSA, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

**FOURTH CLAIM FOR RELIEF:**
**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF WISCONSIN LAW**

81.    Plaintiff, individually and on behalf of the Wisconsin Overtime Wage Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

82.    The foregoing conduct, as alleged, violates Wis. Stats. §§ 109.03 and 103.02 and Wis. Admin. Code § DWD 272.03.

83.    Defendant has been, and continues to be, an employer within the meaning of Wis. Stats. §§ 103.01(1) and 109.01(2).

84.    Plaintiff and members of the Wisconsin Overtime Wage Class are or were Defendant's employees within the meaning of Wis. Stats. §§ 103.001(5) and 109.01(1r) and Wis. Admin. Code § DWD 274.015, and Defendant's tipped employees within the meaning of Wis. Stat. § 104.01(7m) and Wis. Admin. Code § DWD 272.01(12).

17

85.     Wisconsin law requires employers to pay employees all wages earned by a day not more than 31 days prior to the date of payment. Wis. Stat. § 109.03.

86.     "Wages" includes "remuneration payable to an employee for personal services." Wis. Stat. § 109.01(3). The overtime wage due to an employee under the FLSA and Wisconsin law is a "wage" under Wis. Stat. § 109.01(3).

87.     Under Wisconsin law, an employer must pay non-exempt employees one and one-half times their regular rate of pay for all hours worked in excess of 40 per workweek. A tipped employee's regular rate of pay is calculated using the direct cash wage they received from the employer plus the tip credit taken by the employer, among other items. Wis. Admin. Code § DWD 272.03(2)(h).

88.     During the applicable statute of limitations up to and continuing through the present, Defendant had a policy and practice of paying Plaintiff and members of the Wisconsin Overtime Wage Class an hourly rate equal to one and one-half times the direct cash wage, rather than one and one-half times their full regular rate of pay, for all hours worked in excess of 40 per workweek, thereby depriving Plaintiff and members of the Wisconsin Overtime Wage Class of overtime wages for all hours worked in excess of 40 per workweek, in violation of Wisconsin law.

89.     Defendant's violations of Wisconsin law were for unjust or dilatory reasons.

90.     Plaintiff, on behalf of herself and members of the Wisconsin Overtime Wage Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by Wis. Stat. § 109.03(6).

18

91.    Plaintiff, on behalf of herself and members of the putative Wisconsin Overtime Wage Class, seeks damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 272.03, any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

**FIFTH CLAIM FOR RELIEF:**
**RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

92.    Plaintiff individually alleges and incorporates by reference the allegations in the preceding paragraphs.

93.    The FLSA makes it unlawful for any person to discharge an employee because that employee engaged in protected activity under the Act.

94.    Plaintiff engaged in protected activity under the FLSA when she posted on the public social media page "Madison Foodie" regarding Defendant's illegal pay practices and confronted Defendant's agent, Dan Fox, about those practices.

95.    Defendant reasonably knew Plaintiff's concerns related to the FLSA.

96.    Defendant terminated Plaintiff's employment because she engaged in such protected activity.

97.    Plaintiff suffered emotional distress because of Defendant's conduct.

98.    Plaintiff suffered wage loss and financial hardship because of Defendant's conduct.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all members of the FLSA Minimum Wage Collective Class, the FLSA Overtime Wage Collective Class, the Wisconsin Minimum Wage Class, and the Wisconsin Overtime Wage Class, prays for the following relief:

A.    An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Minimum Wage Collective Class and the FLSA Overtime Wage Collective Class as defined above;

B.    An order certifying this action as a class action on behalf of the proposed Wisconsin Minimum Wage Class and the Wisconsin Overtime Wage Class under Fed. R. Civ. P. 23(b)(2) and Fed. R. Civ. P. 23(b)(3);

C.    An order designating Florence Dieter as representative of the Wisconsin Minimum Wage Class and the Wisconsin Overtime Wage Class;

D.    An order designating Hawks Quindel, S.C., as class counsel;

E.    An order declaring that Defendant maintains illegal pay policies and enjoining Defendant from committing future violations of the FLSA and Wisconsin wage and hour laws;

F.    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

G.    An order finding that Defendant violated the FLSA and Wisconsin wage and hour laws;

20

H.      Judgment against Defendant in the amount equal to Plaintiff's, the FLSA Minimum Wage Collective Class's, the FLSA Overtime Wage Collective Class's, the Wisconsin Minimum Wage Class's, and the Wisconsin Overtime Wage Class's unpaid back wages at the applicable minimum wage and overtime rates, and wrongfully withheld tips;

I.      An award in the amount of all liquidated damages and penalties as provided under Wisconsin law and the FLSA;

J.      An award to Plaintiff for compensatory and punitive damages as provided under the retaliation provision of the FLSA;

K.      An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

L.      Leave to amend the Complaint to add additional claims; and

M.      Such further relief as the Court deems just and equitable.

WHEREFORE, Plaintiff, individually, prays for the following relief:

A.      An order finding that Defendant violated FLSA anti-retaliation laws;

B.      Judgment against Defendant in an amount equal to Plaintiff's lost wages, compensatory damages, and punitive damages;

C.      An award in the amount of all liquidated damages and penalties available under the FLSA;

D.      An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

E.      Such further relief as the Court deems just and equitable.

Respectfully submitted this 11th day of December, 2024.

Attorneys for the Plaintiff

By:    *s/ David C. Zoeller*
**HAWKS QUINDEL, S.C.**
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hq-law.com
Natalie L. Gerloff, State Bar No. 1117798
Email: ngerloff@hq-law.com
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236